UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00648-FDW-DSC

| ANGEL RIVERA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
|  | ) ORDER |
| SNYDER'S-LANCE, INC., | ) |
| Defendant. | ) |

THIS MATTER is before the Court *sua sponte* following the return of mail addressed to Plaintiff at his address of record, which is the second time this has happened in this matter. Specifically, on February 8, 2022, the Court issued an order noting that one of Plaintiff's claims survives initial review and indicating that Plaintiff shall receive, complete, and return a summons identifying the necessary information for the U.S. Marshall to effectuate service on Defendant. (Doc. No. 11). This Order and blank summons were mailed to Plaintiff's address of record at the Westchester County Jail, P.O. Box 10, Valhalla, NY 10595. It was returned as "Attempted – Not Known Unable to Forward." (Doc. No. 12, p. 1). Previously, another order of this Court was similarly returned (see Doc. No. 7); however, a subsequent Show Cause order of this Court was received and responded to by Plaintiff (see Doc. Nos. 8, 9). At all times, Plaintiff has been served with Court orders at the same address of record. And, notably, on all mail that has been returned, it appears that it was at least received by the jail as indicated by the stamp on the envelope that reads "SPECIAL MAIL Open only in the presence of the inmate." (See p. 1 of both Doc. Nos. 7, 12).

1

In a due-diligence effort by this Court, it conducted an inquiry into the Westchester County Jail's inmate locator, which indicates Plaintiff's "booking date" as June 10, 2021. https://correction.westchestergov.com/westchester-inmate-search (visited 3/24/2022). Given the fact this case was filed in 2018 and the fact Plaintiff's mail is sometimes received at the Westchester County Jail and sometimes returned, the Court concludes under this record that Plaintiff has likely been in and out of custody throughout the pendency of this action, yet he has failed to keep the Court apprised of his address of record when he is no longer being held in the Westchester County Jail.

In November 2021, this Court issued an order informing Plaintiff of his duty to keep the Court apprised of his current address. (Doc. No. 8, p. 1 (citing Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."))). Although Plaintiff sufficiently responded to that Show Cause Order, Plaintiff has yet again failed to notify the Court of his change of address. Accordingly, as the Court warned Plaintiff in November 2021, this action shall be dismissed without prejudice for failure to prosecute. In so ruling, the Court has considered Plaintiff's degree of responsibility (including his burden to keep the Court apprised of his address despite his apparent changes in custody status), the prejudice to Defendant (which has yet to be served because of Plaintiff's failures to prosecute his case as indicated on the docket), and the drawn out history of this case (particularly where Plaintiff knew about his duty to keep the Court informed of his address and has deliberately failed to do so). Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (quoting Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990)). As to the fourth factor from Attkisson—the effectiveness of sanctions less drastic than dismissal—the

Court finds that dismissal under this record is appropriate but will allow Plaintiff yet another opportunity to cure his failure to prosecute. **The Court will entertain a motion to reopen this Case only if Plaintiff responds to this Order within twenty-eight (28) days and provides the following:**

    **1) a motion for reconsideration of this dismissal that clearly indicates why Plaintiff has failed to update the Court with a current mailing address,**

    **2) a statement of Plaintiff's current address of record,**

    **3) an acknowledgement that if his address changes at any time, he will immediately provide the new address to the Court, and**

    **4) a summons completed by Plaintiff that provides the necessary information for the U.S. Marshal to effectuate service on Defendant Snyder's Lance.**

IT IS THEREFORE ORDERED that for the reasons stated above, this matter is DISMISSED WITHOUT PREJUDICE. <u>Plaintiff may seek to reopen this case by filing a motion for reconsideration within 28 days, and any motion must adhere to the instructions above or it will be summarily denied by the Court.</u>

IT IS FURTHER ORDERED the Court hereby DIRECTS to Clerk of Court to send another copy of the Court's last Order (Doc. No. 11) and a blank summons to Plaintiff at the address of record.

IT IS SO ORDERED.

                                            Signed: March 24, 2022

_Frank D. Whitney_
United States District Judge